JOHN JONES, A MINOR, BY AND THROUGH SHIRLEY A. JONES, HIS MOTHER AND NEXT FRIEND, APPELLANT, v. ARNOLD E. PETERSON ET AL., APPELLEES.

165 N. W. 2d 713

Filed March 7, 1969. No. 37051.

Daniel G. Dolan and Lathrop & Albracht, for appellant.

John J. Respeliers, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

Fourteen-year-old plaintiff John Jones was injured when the horse he was riding collided with the automobile defendant Arnold E. Peterson was driving. A jury verdict and judgment was for defendants and plaintiff appeals. We affirm the judgment of the district court.

For purposes of this appeal, we accept the version of the facts testified to by plaintiff's witness as to liability. Plaintiff himself remembers nothing of the accident. Defendant, proceeding northeast on an asphalt county road, rounded a curve onto the east-west highway at 40 to 45 miles per hour and in so doing swerved into the westbound lane of the highway. Plaintiff's horse, off the traveled portion of the road on the south and going west, shied or jumped and backed onto the traveled portion of the road in front of defendant's approaching automobile and the collision ensued. There was much evidence as to location of houses, driveways, and distances relevant to whether the scene of the accident was in a "residential" district.

We discuss only assigned error in instructions No. 15 and No. 16 asserted in plaintiff's motion for new trial and therefore presented to us for consideration.

Although not requested, plaintiff contends the trial court should have instructed on the issue of whether the accident occurred in a residential district. The plaintiff pleaded defendant was negligent: "c) In operating his vehicle at a rate of speed in excess of that which was reasonable and prudent under the conditions existing and in excess of 25 miles an hour in a residential district." In instruction No. 16, the court charged: "1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. * * * 3) The following speeds shall be prima facie lawful, but in any case when such speed would be unsafe, they shall not be lawful: * * * (b) *Twenty-five miles per hour in any residence district.*" (Emphasis supplied.)

Further, in no other instruction did the court give the defendant the advantage of an instruction permitting a nonresidential area speed. The court submitted this issue exactly as the plaintiff pleaded it and the instruction assumed defendant was traveling in a residential area, an assumption which, if erroneous, was favorable

to the plaintiff. There is no merit to this contention.

The court, in instruction No. 15, gave the standard instruction on sudden emergency. It is asserted there is no evidence to support it. Even taking the testimony of plaintiff's witness Schaaf to be true, there is a reasonable inference that the proximate cause of this accident was the sudden jumping and backing out of plaintiff's horse onto the traveled road in front of defendant's automobile. There was ample, if not conclusive evidence, that a sudden emergency was precipitated without fault by defendant. The court in its instruction, carefully protected the plaintiff by pointing out that the claim of sudden emergency could not be asserted if the jury found that it was caused by the defendant's own negligence or precipitated by his own acts. There is no merit to this contention.

Error is asserted because the court failed to instruct the jury as to the family purpose doctrine and that the father owner of the defendant's vehicle was liable in the event of a finding of defendant's negligence. The parties stipulated that it was a family purpose driver automobile. There was no fact to present to the jury. A verdict for plaintiff would have automatically ripened into judgment against defendant father. It would have been error to submit this issue when there was no evidence to support a finding otherwise.

Plaintiff asserts instruction No. 3 submitting plaintiff's contributory negligence as unduly repetitious and thus mislead the jury into giving undue weight to defendant's contention. Error in this instruction was not assigned in the motion for new trial and therefore is not properly before us. Moreover, an examination reveals a typical pleading situation where the allegations do overlap. Faced with the necessity of fully submitting a party's theory, repetition is sometimes inevitable. But we find nothing here that reaches the level of court-insinuated preference for defendant on the facts.

The judgment of the district court is correct and is affirmed.

AFFIRMED.