ROGER BEDKE, APPELLANT, v. FRANK KUCERA, APPELLEE.

263 N. W. 2d 830

Filed March 22, 1978. No. 41316.

Mingus & Mingus, for appellant.

Tye, Worlock, Tye, Jacobsen & Orr and Patrick J. Nelson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This is an action for damages resulting from an intersection accident between a motorcycle and an automobile. The jury returned a verdict for the defendant and the plaintiff has appealed.

The accident occurred at an unprotected intersection in Pleasanton, Nebraska, at about 5 p.m., on the afternoon of July 9, 1972. The weather was clear and the streets were dry. The surface of the intersection itself, and of the streets running north and west of the intersection, was oil blacktop. The street to the east was oiled blacktop with loose gravel, and the vacated street, referred to as an

alley, which ran south from the intersection, was gravel. The portion of the east-west street lying west of the intersection was 62 feet in width, while the portion east of the intersection was 24 feet in width. The north boundary line of the east-west street was the same both east and west of the intersection.

The defendant, Frank Kucera, the driver of the automobile, approached the intersection from the east proceeding west. The plaintiff, Roger Bedke, on his motorcycle, and two of his friends, each on his own motorcycle, approached the intersection from the south proceeding north. There was a semitrailer truck parked on the southeast corner of the intersection which partially obstructed the view. The three motorcyclists were proceeding single file, with the plaintiff last in line. The first motorcyclist, who was a considerable distance ahead of the other two, crossed the intersection first but did not look to the east nor see the defendant's car. The defendant saw the first rider go through the intersection in front of him, and then saw the second motorcycle suddenly appear from the south. The defendant, in an effort to avoid the second motorcycle, braked and swerved to the south. The defendant avoided the second rider but struck the plaintiff, who was the third rider.

The plaintiff's motorcycle came to rest near the northwest corner of the intersection approximately 56 feet from the point of impact, and the plaintiff was thrown approximately 18 feet further. There was no evidence that the motorcyclists applied brakes. The point of impact was in the southeast portion of the intersection. The defendant's automobile left skidmarks of 44 feet before impact and 91 feet after impact, and came to rest on the south portion of the street west of the intersection. The testimony of defendant's witnesses was that the speed of the defendant as he approached the intersection was

25 miles per hour, and the speed of the three motorcycles was 40 miles per hour. The motorcyclists placed their speed at 10 to 15 miles per hour.

The jury verdict was for the defendant. Plaintiff has appealed from the order of the District Court overruling a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial.

The principal assignment of error on appeal is that the trial court erred in giving an instruction on sudden emergency. Plaintiff contends that the sudden emergency rule cannot be successfully invoked by the defendant here because the defendant brought the emergency upon himself by his own acts, and did not use due care to avoid creating the emergency.

The court instructed the jury that: "When a person by a sudden emergency which is not due to his own negligence is placed in a position of immediate danger and has insufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as is required under ordinary circumstances, and if he pursues a course of action to avoid an accident, such as an ordinary, prudent person placed in a similar position might choose, he is not guilty of negligence, even though he did not adopt the wisest choice." The instruction is NJI No. 3.09, and the plaintiff makes no objection to the form of the instruction.

This court has consistently held that where evidence is presented which could, if accepted by the jury, give rise to application of the sudden emergency rule, an instruction on that rule is proper. See, Jones v. Peterson, 184 Neb. 141, 165 N. W. 2d 713. The evidence of the defendant here, if believed by the jury, was sufficient to give rise to the application of the sudden emergency rule. The evidence as to whether or not there was a sudden emergency, and as to whose negligence was the cause of it, was in conflict. Where reasonable minds might differ as to conclusions to be drawn from the evidence, and

where there is conflict in the evidence, such issues are for the jury. Hansen v. Hasenkamp, 192 Neb. 530, 223 N. W. 2d 44. The instruction on sudden emergency was properly submitted to the jury.

Plaintiff also assigns as error the denial of plaintiff's motion for directed verdict and the overruling of plaintiff's motion for judgment notwithstanding the verdict. On such issues the evidence must be considered in the light most favorable to the party who obtained the verdict. Every controverted fact must be resolved in his favor and he is entitled to every reasonable inference that may be drawn therefrom. Hansen v. Hasenkamp, *supra.*

The issues of negligence and sudden emergency were properly submitted to the jury. The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.