DON PETERSON, DOING BUSINESS AS DON PETERSON AND ASSOCIATES, APPELLEE, v. THE NEBRASKA NATURAL GAS COMPANY, A CORPORATION, APPELLANT, IMPLEADED WITH E. I. DUPONT DE NEMOURS & COMPANY, INC., ET AL., APPELLEES.

281 N. W. 2d 525

Filed July 17, 1979. No. 42457.

Terry J. Grennan and Stephen A. Davis of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

Richard E. O'Toole and Thomas J. Walsh of Walsh, Walentine and Miles, for appellee Peterson.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The plaintiff owns a 2-story business building located at Sixth and Park Streets in Fremont, Nebraska, approximately 1 block east of the Pathfinder Hotel which was destroyed in an explosion and fire on January 10, 1976. The explosion caused extensive glass damage to the plaintiff's building.

The explosion and resulting fire which destroyed the Pathfinder Hotel were caused by natural gas which escaped from a main owned by the defendant, The Nebraska Natural Gas Company (Gas Co.). This action was brought against the Gas Co. to recover the damages to the plaintiff's building caused by the explosion.

In Hammond v. The Nebraska Nat. Gas Co., *ante* p. 80, 281 N. W. 2d 520, decided today, a judgment against the Gas Co. for the damages resulting from the destruction of the hotel and its contents by the explosion and fire was affirmed. After the Hammond case had been tried in the District Court, the plaintiff's motion for partial summary judgment in this case on the issues of negligence and proximate cause was sustained. The issue of damages was then tried to the court which found for the plaintiff in the amount of $917.26. The defendant has appealed.

The entire record in the Hammond case was received in evidence in this case. The trial court sustained the motion for summary judgment on the grounds that there was no genuine issue of material fact in regard to the issues of negligence and

proximate cause and that the doctrine of collateral estoppel or issue preclusion was applicable to the defendant in this action.

The evidence in the Hammond case established that the explosion was caused by natural gas which escaped from the defendant's main because a 2-inch plastic pipe had been negligently joined to an existing steel main by use of a standard compression coupling without any additional precaution being taken to avoid pull-out from thermal contraction of the pipe. The evidence established that the joint was not installed in accordance with applicable safety standards prescribed by federal and state law and the standards of care prevailing in the industry. The Gas Co. attempted to defend on the ground that it had relied upon the instructions and advice of the manufacturer of the pipe. The defense was unavailing as against the plaintiff because the duty to use due care which the Gas Co. owed to the public was nondelegable. Hammond v. The Nebraska Nat. Gas Co., *supra*.

The evidence in the Hammond case, standing alone, did not establish that the damage to the plaintiff's building was caused by the January 10, 1976, explosion of the Pathfinder Hotel. Additional evidence was received at the trial on the issue of damages. This evidence, when considered with the evidence in the Hammond case, established that the explosion of the Pathfinder Hotel was the proximate cause of the damage to the plaintiff's building.

With respect to collateral estoppel we held in Johnson v. Marsh, 146 Neb. 257, 19 N. W. 2d 366, that where cases are interwoven and interdependent and the controversy involved has already been considered and determined in a prior proceeding involving one of the parties now before the court, the court has a right to examine its own records and take judicial notice of its own proceedings and judgment in the prior action.

In Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N. W. 2d 661, this rule was applied where the defendant had negligently constructed an inadequate drain under its canal. In a prior case brought by a different party but involving the same drain, Faught v. Platte Valley Public Power & Irri. District, 147 Neb. 1032, 25 N. W. 2d 889, the defendant had been held to be negligent in the construction of the drain which was inadequate. This court held that the issue of the defendant's negligence had been finally decided in the prior case and could not properly be again submitted to a jury for it to determine whether the prior decision was correct. We said: "To hold otherwise would be a travesty upon justice and permit a trifling with judgments duly rendered according to law."

The defendant contends that the doctrine of collateral estoppel is not applicable to it in this case because there is no mutuality of estoppel and it did not have a full, fair, and complete opportunity to litigate the issues in the first case.

Generally, mutuality of estoppel is no longer considered to be a requirement for the application of collateral estoppel. It is now generally held that collateral estoppel may be applied if the identical issue was decided in a prior action, there was a judgment on the merits which was final, the party against whom the rule is to be applied was a party or in privity with a party to the prior action, and there was an opportunity to fully and fairly litigate the issue in the prior action. See, Bernhard v. Bank of America, 19 Cal. 2d 807, 122 P. 2d 892; Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd., 58 Cal. 2d 601, 25 Cal. Rptr. 559, 375 P. 2d 439; Blonder-Tongue v. University Foundation, 402 U. S. 313, 91 S. Ct. 1434, 28 L. Ed. 2d 788; Parklane Hosiery Co., Inc. v. Shore, 439 U. S. 322, 99 S. Ct. 645, 58 L. Ed. 2d 552. The trial court has some discretion as to whether collateral estoppel may be invoked in a particular

case.  Parklane Hosiery Co., Inc. v. Shore, *supra*; Restatement Second, Judgments, (T. D. No. 3), § 88, p. 161.

In Cover v. Platte Valley Public Power & Irr. Dist., *supra*, the plaintiff who had not been a party to the earlier Faught case was permitted to invoke the judgment in the Faught case against the defendant.

The judgment in the Hammond case was final for the purposes of collateral estoppel even though the defendant perfected an appeal to this court.  See, Kometscher v. Wade, 177 Neb. 299, 128 N. W. 2d 781; Restatement Second, Judgments, (T. D. No. 1), § 41, p. 2.

The fact that the cross-claims filed in the Hammond case have not been tried did not affect the finality of the judgment as between the plaintiff in the Hammond case and the defendant.  The issues raised in the cross-claims are separate and distinct from the issues between the plaintiff and the Gas Co. in the Hammond case and did not affect the plaintiff's right to recover in that case.

The record in the Hammond case establishes that the defendant had a full, fair, and complete opportunity to litigate the issues of negligence and proximate cause, and that in fact those issues were fully and fairly litigated.

We conclude that the partial summary judgment against the defendant was properly granted.

The judgment of the District Court is affirmed.

AFFIRMED.