LA DONNA BORLAND, APPELLANT, V. ROBERT S.
GILLESPIE, APPELLEE.

292 N. W. 2d 26

Filed May 6, 1980.   No. 42759.

Robert V. Roach of Welsh, Sibbernsen & Bowen, for appellant.

Charles O. Forrest of Kneifl, Kneifl & Forrest, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Appellant, La Donna Borland, appeals from an order sustaining a motion to dismiss her action against appellee, Robert Gillespie, made following the completion of her evidence on the issue of liability. This appeal presents the rather unique question as to whether or not the negligence of one causing an accident and damages to a victim is the proximate cause of a later accident involving the victim who was purportedly chasing the original tort-feasor who had allegedly fled the scene of the first collision. The assignments of error can be simply stated as a contention that the trial court erred in failing to submit the issue of proximate cause and liability to the jury. We affirm.

On July 16, 1977, at approximately 12:35 a.m., a collision occurred on U. S. Highway No. 6, about ½ mile west of Ashland, Nebraska, involving the front end of the Borland automobile and the rear end of the Gillespie vehicle, which vehicles were then being operated by the respective named parties to this litigation. There are two diametrically opposed versions of the facts of this case. Mrs. Borland testified that she was driving down the highway when the automobile being driven by Mr. Gillespie passed her, stopped, and then backed into her car. She also said that both drivers got out of their automobiles, that Mr. Gillespie began yelling at her, and when her husband got out of the car to check the damage, Mr. Gillespie jumped back into his vehicle and drove away from the scene of the accident. Mrs. Borland

returned to her car and gave chase in an effort to get his license plate number, since no information had been exchanged. During the course of the chase, Mrs. Borland was involved in a second accident when she lost control of her automobile, went off the highway, and struck a tree with such force as to shear off the treetop and impale the front of the car on the remaining tree trunk. Mrs. Borland suffered serious injuries as a result of that collision.

Mr. Gillespie has a totally different version of how the first collision took place. According to Mr. Gillespie, he, along with his wife and two young children, were on their way from a drive-in movie to a restaurant for breakfast via U. S. Highway No. 6. Mr. Gillespie looked up into his rear view mirror to see a car directly behind him and then the car hit his from behind. He pulled his car off the road and then stopped. Mr. Gillespie got out of the car and began to walk back to the Borland vehicle when he saw another car coming over the top of the hill, which he then flagged down. The car stopped and Mr. Gillespie told the two women in the car that there had been an accident and asked them to go into town to call the police. At this moment, he alleges, Mrs. Borland came out of her car, and "[S]he ran up to me and started hitting me to the back of the head and slapping me and yelling obscene language at me."

Mr. Gillespie then told Mrs. Borland and the two women that he would go to town and get the police himself. Mr. Gillespie then went back to his own vehicle and left the scene to get the police. Mr. Gillespie first stopped at a restaurant to phone the police but it was closed, so he went on into Ashland and notified the chief of police that there had been an accident. He was not involved in the second accident and was unaware of it until some time later.

Two lawsuits arose out of this situation. Mrs. Gillespie, as a passenger in her husband's car, brought

suit against Mrs. Borland and her husband for personal injuries sustained in the first collision. Mrs. Borland filed an action against Mr. Gillespie for personal injuries and property damage sustained in both accidents. She alleged that both collisions were proximately caused by Mr. Gillespie's negligence as to lookout, control, speed, and right-of-way. Mrs. Borland filed a motion to consolidate the cases for trial and subsequently the District Court entered an order of consolidation. Trial of the two cases was commenced before a jury. By agreement of the parties, both of them submitted all their evidence as to liability, and their own testimony as to injuries and damages, reserving only that of the various treating physicians. At the close of that portion of the trial, the court sustained Mr. Gillespie's motion for a dismissal as to liability, assigning as a reason for this action that there was no evidence to establish any causal connection between the two accidents. At this point it should be noted that apparently the court's reasoning was based in part upon an unannounced finding that Mrs. Borland failed to prove any damages which proximately resulted from the first collision. We shall have more to say about that later. In any event, after dismissing Mrs. Borland's action, the court continued to hear the remainder of the lawsuit of Mrs. Gillespie against the Borlands, which was submitted to the jury upon appropriate instructions. The jury returned a verdict for the plaintiff in the amount of $5,852.16. Mrs. Borland perfected an appeal of her case against Mr. Gillespie.

A motion for directed verdict must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference which can reasonably be deduced from the evidence.

*Anderson v. Moore*, 202 Neb. 452, 275 N.W.2d 842 (1979); *Floridia v. Farlee*, 201 Neb. 39, 266 N.W.2d 204 (1978). For the purpose of ruling on this motion, the version of the facts according to Mrs. Borland, the party against whom the motion is directed, must be accepted as true. At the conclusion of plaintiff's evidence, there is a preliminary question for the court to decide, that is, whether there is any evidence upon which a jury can properly proceed to find a verdict for the plaintiff, upon whom the burden of proof is imposed. *Empfield v. Ainsworth Irr. Dist.*, 204 Neb. 827, 286 N.W.2d 94 (1979). The question, therefore, is whether Mrs. Borland had presented any evidence whereby a jury could impose liability upon Mr. Gillespie.

The theory of Mrs. Borland is that Mr. Gillespie was negligent in causing the first collision, and everything which occurred thereafter somehow was the result of, and proximately caused by, Mr. Gillespie's negligent act. Therefore, Mr. Gillespie should be liable for all of Mrs. Borland's subsequent injuries.

> In an action based upon negligence, the plaintiff, in order to recover, must establish not only the negligence of the defendant, but also that such negligence was the "proximate cause" of the occurrence, accident, or harm; and also the proximate cause of the resulting damages. "Proximate cause," as used in the law of negligence, is that cause which in a natural and continuous sequence unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred.

*Pendleton Woolen Mills v. Vending Associates, Inc.*, 195 Neb. 46, 50-51, 237 N.W.2d 99, 102 (1975).

We recently adopted the following general rule:
> [A] tortfeasor whose negligence has caused injury to another is also liable for any subse-

quent injury or reinjury that is the proximate result of the original injury, except where the subsequent injury or reinjury was caused by either the negligence of the injured person, or by an independent or intervening act of the injured person, or by an independent or intervening act of a third person.

*Watkins v. Hand*, 198 Neb. 451, 453, 253 N.W.2d 287, 289 (1977). The theory of Mrs. Borland that the injury sustained by her from the collision with the tree was proximately caused by any negligence on Mr. Gillespie's part is simply untenable. The first collision and the second collision were not part of a continuous sequence as there was a break by an intervening cause. The acts of Mrs. Borland herself intervened when she began to pursue Mr. Gillespie and then lost control of the vehicle, running off the road and hitting a tree.

Mrs. Borland argues that she should have been allowed to present the issue of the reasonableness of the pursuit to the jury as bearing upon the issue of causation. However, the reasonableness of such pursuit is not the determining factor when deciding whether it is in the natural chain of events. The question is, was the injury the result of an efficient intervening act which breaks the sequence and, therefore, places the injury outside the proximate chain of events. Here, Mrs. Borland's acts of pursuing the Gillespie vehicle by driving a car she knew to be damaged from the first collision and failing to stop when she realized she was having problems with the steering mechanism, all as indicated by her own testimony, were acts outside the natural sequence of events that arose out of the alleged negligence of Mr. Gillespie. The trial court correctly directed the verdict against Mrs. Borland on the issue of liability for injuries sustained from the collision with the tree.

The focus then turns to the first collision and the injuries sustained therefrom. Mrs. Borland failed to present evidence that she suffered personal injuries as a result of the first collision. In her deposition, when asked what injuries she received as a result of the first accident, she said, "None that I know of." During the trial, she testified that "I'm not sure that some of it didn't stem from the first one, but I have no way of actually knowing."

> The evidence of damages is required to be direct and certain. Proof that damage might or could have been caused or was probably caused by the accident is not sufficient to sustain a verdict for a claimant. Such evidence is not of the quality required to satisfy the burden of a claimant to establish by a preponderance of evidence an injury and the extent thereof.

*Johnsen v. Taylor*, 169 Neb. 280, 292-93, 99 N.W.2d 254, 262 (1959).

If the evidence of a claimant fails to establish the extent of the injury he claims was inflicted upon him, and a jury cannot determine damages except by indulging in speculation and conjecture, then the District Court is required to refrain from submitting the matter of damages and to decide the case as a matter of law. *Johnsen v. Taylor, supra.* Since Mrs. Borland could not prove what, if any, damages were sustained solely from the first collision, the trial court correctly sustained the motion for directed verdict on the issue of Mr. Gillespie's liability to her for personal injuries.

However, the evidence does tend to show that there is a factual issue regarding damages to the Borland automobile which resulted from the first collision. We cannot assume that, had Mrs. Borland been permitted to put on her case as to property damage, she would not have had evidence of the dollar amount of such damage. "Where reasonable

minds might differ as to conclusions to be drawn from the evidence, and where there is conflict in the evidence, such issues are for the jury." *Bedke v. Kucera*, 200 Neb. 380, 382-83, 263 N.W.2d 830, 832 (1978).

If Mr. Gillespie was found to be negligent, a jury could properly proceed to return a verdict for Mrs. Borland in the amount of damages to her automobile. However, the error in failing to submit that issue to the jury, if any there be, was at most harmless for the reasons set out below.

As indicated earlier, after the verdict was directed on the issue of liability of Mr. Gillespie to Mrs. Borland, the trial continued on the issue of liability of Mrs. Borland to Mrs. Gillespie for personal injuries. The jury verdict against Mrs. Borland on her claim was included as a part of the supplemental transcript on appeal. The issue of liability for the first collision, therefore, was tried and submitted to the jury, and Mrs. Borland was determined to be the negligent party. If we were to remand this case on the issue of the liability of Mr. Gillespie for property damages to Mrs. Borland, it would be to no avail, since the issue of negligence would be collaterally estopped at a new trial.

> It is now generally held that collateral estoppel may be applied if the identical issue was decided in a prior action, there was a judgment on the merits which was final, the party against whom the rule is to be applied was a party or in privity with a party to the prior action, and there was an opportunity to fully and fairly litigate the issue in the prior action.

*Peterson v. The Nebraska Nat. Gas Co.*, 204 Neb. 136, 139, 281 N.W.2d 525, 527 (1979).

In all cases in which a person finds himself subject to preclusion, he has either had the opportunity to litigate the matter or his interests have been ade-

quately represented in the litigation of the matter. *Hickman v. Southwest Dairy Suppliers, Inc.*, 194 Neb. 17, 230 N.W.2d 99 (1975).

Mrs. Borland was a party to the case brought by Mrs. Gillespie and had the opportunity to fully and fairly litigate the issue of negligence. It is true that since Mrs. Gillespie was a passenger in her husband's automobile, any defenses of contributory negligence that might be available to Mrs. Borland against Mr. Gillespie could not be used against his wife as a passenger. "The negligence of a husband while driving an automobile with his wife as a guest may not be imputable to her . . . ." *Bartek v. Glasers Provisions Co., Inc.*, 160 Neb. 794, 801, 71 N.W.2d 466, 472 (1955).

However, this will not affect an application of collateral estoppel in the instant case because of the unique factual situation. The versions of how the first accident occurred were so diametrically opposed that there is no way in which one party could have been contributorily negligent. Either Mr. Gillespie's version would be believed and Mrs. Borland would be found to be negligent by rear-ending the Gillespie vehicle, or Mrs. Borland's story would be believed and Mr. Gillespie would be liable for negligently backing into the Borland vehicle. The jury accepted the Gillespie version as being the true one and found Mrs. Borland to be negligent. No appeal was taken from that judgment, and it is final.

> Due process requires that the rule of collateral estoppel operate only against persons who have had their day in court either as a party to a prior suit or as a privy; and, where not so, that at least the presently asserted interest was adequately represented in the prior trial.

*Hickman, supra* at 28-29, 230 N.W.2d at 106. Mrs. Borland was a party to both cases and had the opportunity to fully and fairly litigate the question of

negligence as to the first collision. We believe that she has had her day in court and the doctrine of collateral estoppel would bar any further litigation on the issue of negligence.

The decision of the District Court in dismissing Mrs. Borland's case, at least as to her personal injuries, was correct, and there otherwise being no prejudicial error in the record, its judgment is affirmed.

AFFIRMED.