CEDARS CORPORATION, APPELLANT, V. SUN VALLEY
DEVELOPMENT COMPANY ET AL., APPELLEES.

330 N.W.2d 900

Filed March 4, 1983. No. 81-809.

John D. Sykora, for appellant.

Frederick S. Cassman of Abrahams, Kaslow & Cassman, for appellees.

KRIVOSHA, C.J., McCOWN, and HASTINGS, JJ., and HOWARD, D.J., and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

The appellant in this case, Cedars Corporation, apparently encouraged by the adage, "If at first you don't succeed, try, try again," has once again filed suit against the appellees, Sun Valley Development Company, Willard I. Friedman, and Valley Ho Corporation (hereinafter jointly referred to as Sun Valley), and Howard Kaplan, seeking to have set aside a certain assignment of an agreement to manage a joint venture and to obtain an accounting for alleged profits due to Cedars Corporation and withheld by Sun Valley. The trial court sustained Sun Valley's motion to dismiss. We affirm.

This is the fourth time that Cedars Corporation has, in one manner or another, sought to sue Sun Valley or its various stockholders for damages allegedly incurred by Cedars Corporation and its principal stockholder, Edward E. Milder. The first of such cases is reported in the case of *Cedars Corp. v. H. Krasne & Son, Inc.,* 189 Neb. 220, 202 N.W.2d 205 (1972) (*Cedars I*). In addition to *Cedars I* and the present action, two suits were filed in the District Court of Douglas County, Nebraska, and found as *Cedars Corporation v. Sun Valley Development Co.,* Doc. 658, No. 292, and *Cedars Corporation v. Sun Valley Development Co. et al.,* Doc. 745, No. 298. The present action filed by Cedars (*Cedars IV*) seeks to have set aside a certain assignment of an agreement for management of a joint venture. The management agreement was entered into by the various individuals to this lawsuit and thereafter assigned by the Friedmans to Valley Ho Corpo-

ration, a corporation owned and operated by the Friedmans. By the present action, Cedars maintains that the assignment was not executed on the date shown on the face of the assignment but, in fact, was executed 2 years later, in 1962. Paragraph 10 of the latest petition provides as follows: "That such assignment was never approved by, and constitutes a fraud upon, Plaintiff, as such has deprived it of revenues due it pursuant to the terms of the joint venture with respect to homes constructed on the tract referenced in ¶ 7."

Sun Valley and Kaplan filed a demurrer to the petition on two grounds. The first ground was that the assignment which Cedars sought to have declared void and which formed the basis of the action was executed, even by Cedars' claim, more than 19 years before the suit in question was commenced. For that reason Sun Valley maintained that the action was barred by the statute of limitations. The second ground for the demurrer was that the petition attempted to raise matters which had already been determined between the parties in *Cedars I* and was therefore res judicata. For reasons which are not set out, the trial court overruled the demurrer. Sun Valley then filed a document entitled "Motion to Dismiss." For reasons not explained, Kaplan was not a party to the motion. While entitled a motion to dismiss, it was in fact identical to the demurrer previously filed. Following a brief evidentiary hearing, at which time Sun Valley merely asked the court to take judicial notice of *Cedars I, II, and III,* the trial court sustained the motion and dismissed the action as to Sun Valley.

On appeal to this court Cedars now argues that, because there is no such pleading as a motion to dismiss, the trial court should not have sustained Sun Valley's motion and dismissed the action. Moreover, Cedars argues that there are fact questions which must be resolved before an order can be entered by the court. We do not agree. Regard-

less of what the document may have been entitled, it was in fact a demurrer and we treat it as such.

The sole basis for Cedars' action in this case, as framed by its petition, is that in 1962 the Friedmans assigned the Sun Valley Development Company joint venture management agreement to their corporation Valley Ho. No allegation is made in the petition that Cedars was unaware of that assignment or did not learn of it until some subsequent time. Therefore, on its face, it appears that the cause of action, if indeed it existed, accrued at the latest in 1962. Cedars was therefore required to commence this action for alleged fraud within 4 years after that date or be forever barred. See, Neb. Rev. Stat. § 25-207 (Reissue 1979); *Hollenbeck v. Guardian Nat. Life Ins. Co.,* 144 Neb. 684, 14 N.W.2d 330 (1944). If Cedars was to avoid the effect of the statute of limitations, it was incumbent upon Cedars to both plead and prove some exception which would have thereby tolled the statute of limitations until some later date. *Jones v. Johnson v. Pullen,* 207 Neb. 706, 300 N.W.2d 816 (1981); *Grand Island School Dist. #2 v. Celotex Corp.,* 203 Neb. 559, 279 N.W.2d 603 (1979). Sun Valley's first claim in both its demurrer and its motion to dismiss was correct and should have been sustained by the trial court.

A further and more serious defect in Cedars' petition is raised by the second paragraph contained in both Sun Valley's demurrer and in its motion to dismiss. It is clear that Cedars' claim for relief in the present action is founded upon some notion that the assignment was invalid and that Cedars is entitled to an accounting for profits derived as a result of the construction of homes upon certain land owned by the joint venture. That is precisely what we told Cedars it was not entitled to in *Cedars I, supra* at 227-32, 202 N.W.2d at 209-11, when we said, "Approximately 6 months after the management agreement was signed, the Friedmans assigned it to Valley Ho Corporation, which was owned and operated by

them.  The management agreement contained a provision against assignment without written permission.  No written permission was obtained.  The evidence is conclusive, however, that Milder [Cedars] participated in the assignment; the parties were aware of it; and no objection was raised to it until more than 7 years later.  We find the *parties* acquiesced in it and are now estopped to question the absence of written permission.

. . . .

"For more than 7 years Edward E. Milder, the sole owner of Cedars Corporation, the plaintiff, as the accountant for the Friedmans and their corporations, as well as the Sun Valley Development Company, prepared income tax returns for the Friedmans and had them pay the income tax on the house profits.  He also prepared income tax returns for the joint venture and made the accountant statement expressing his opinion that all money and accounts were handled by proper accounting procedures.  His explanation as to the consistency of his conduct with his present contention is not too convincing.

. . . .

". . . To avoid further litigation the books of the joint venture should be balanced and audited by a certified public accountant for the period of the joint venture to date, and a copy of this report furnished to each of the participants in the venture.  This audit is to be only of the joint venture. *It does not include the construction and sale of houses which we have determined are no part of the joint venture.* It should include all other items incident to the development and sale of the land."  (Emphasis supplied.)

In *Cedars I* we granted to each of the parties the right to obtain the audit which Cedars now seeks in this action, provided that if the audit was not furnished within 90 days after the issuance of the mandate, an action could be brought by any of the parties, including Cedars.  That was on November 17, 1972.  Even if the audit has not been provided as

required by us, the time for enforcing that order is now long since past. There is simply no question that the basis for Cedars' action in the instant case was disposed of by us in *Cedars I*. Cedars argues that this matter cannot be disposed of absent a trial and that the court cannot consider the previous cases, including *Cedars I*. "[W]here cases are interwoven and interdependent and the controversy involved has already been considered and determined in a prior proceeding involving one of the parties now before the court, the court has a right to examine its own records and take judicial notice of its own proceedings and judgment in the prior action." *Peterson v. The Nebraska Nat. Gas Co.*, 204 Neb. 136, 138, 281 N.W.2d 525, 527 (1979).

In *Borland v. Gillespie*, 206 Neb. 191, 198, 292 N.W.2d 26, 31 (1980), we said: " 'It is now generally held that collateral estoppel may be applied if the identical issue was decided in a prior action, there was a judgment on the merits which was final, the party against whom the rule is to be applied was a party or in privity with a party to the prior action, and there was an opportunity to fully and fairly litigate the issue in the prior action.' " See, also, *Reeves v. Watkins*, 208 Neb. 804, 305 N.W.2d 815 (1981). Whether the judgment in *Cedars I* constitutes res judicata in this action or is more properly characterized as collateral estoppel is of little moment. The result is the same. Cedars has had its day in court and cannot continue to maintain frivolous and vexatious suits by merely rearranging the parties or changing their names. The action of the trial court was correct and the judgment dismissing the action is affirmed.

AFFIRMED.