Glenn PAYNE, Plaintiff,

v.

STATE OF NEBRASKA, Nebraska DEPARTMENT OF CORRECTIONAL SERVICES; Dean Naylor, Gary Burger, Laurie Smith Camp, Individually, and Harold Clarke, Defendants.

No. 4:CV93–3081.

United States District Court,
D. Nebraska.

April 27, 1993.

Thom K. Cope, Bailey, Polsky Law Firm, Lincoln, NE, for plaintiff.

Marie C. Pawol, Elaine A. Chapman, Atty. Gen., Lincoln, NE, for defendants.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

Pending before the court is defendants' motion for summary judgment. (Filing 32). For reasons discussed more fully below, I shall grant defendant's motions.[1]

## BACKGROUND

This action arises out of plaintiff's discharge from employment as a correctional officer for the Nebraska Department of Correctional Services (DCS). After his discharge plaintiff filed a discrimination charge with the Nebraska Equal Opportunity Commission (NEOC). He claimed that the DCS had violated the Nebraska Fair Employment Practices Act (*Neb.Rev.Stat.* § 48–1104(1) & (2)) by discriminating against him based on a disability and his race. The NEOC held an evidentiary hearing and found in favor of the DCS. Plaintiff appealed the NEOC decision to the Douglas County District Court. The court conducted a *de novo* review of the case and affirmed the decision of the NEOC.

The district court's order affirming the NEOC decision discussed the background of plaintiff's claim and made a number of factu-

al findings. (See filing 33, ex. 1). The court stated that because of a back injury plaintiff had suffered he was unable to perform a number of tasks required of a corrections officer. (*Id.* at 5–6). Thus, the court concluded, on the day he was discharged he was not qualified to hold that job. (*Id.* at 7). Other than to state that plaintiff had alleged a claim of discrimination based on race and disability the court did not explicitly state what law it was applying or the precise nature of the claim or claims plaintiff had raised. Nonetheless, the court affirmed the NEOC decision.[2]

Plaintiff appealed the district court's decision to the Nebraska Supreme Court; the appeal is pending. In addition to filing that appeal, plaintiff filed a complaint in this court raising three claims: the first claim alleges the DCS violated Title VII, 42 U.S.C. § 2000e *et seq.* The second and third claims, brought pursuant to 42 U.S.C. § 1983, allege the individual defendants, as employees of the DCS had violated plaintiff's Equal Protection rights. Defendants move for summary judgment alleging that this court must give either res judicata or collateral estoppel effect to the state court's decision.

## SUMMARY JUDGMENT

The purpose of a motion for summary judgment is to determine whether a "genuine issue of material fact" exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Summary judgment is properly granted when, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, it is clear no genuine issue of material fact remains and the case may be decided as a matter of law. *Greeno v. Little Blue Valley Sewer Dist.*, 995 F.2d 861, 863 (8th Cir.1993). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, the bur-

---

1. The parties have consented to have this action proceed before me pursuant to 28 U.S.C. § 636(c) (see filing 46).

2. The court's decision was issued on September 1, 1993. On the same day the undersigned issued a report and recommendation in this action concerning defendants' motion to dismiss based

on res judicata and collateral estoppel. The report and recommendation stated that the motion should be denied because no final judgment had yet been reached in state court. As will be discussed, the state district court's September 1 order does constitute a final order for res judicata and collateral estoppel purposes.

den then shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ This court must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); *Tolefree v. City of Kansas City,* 980 F.2d 1171, 1173–74 (8th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 284, 126 L.Ed.2d 234 (1993). The Nebraska Supreme Court has stated that collateral estoppel applies when:

> (1) the identical issue was decided in a prior action;
>
> (2) there was a judgment on the merits which was final;
>
> (3) the party against whom the rule is applied was a party or in privity with a party to the prior action; and
>
> (4) there was an opportunity to fully and fairly litigate the issue in the prior action.

*How v. Mars,* 245 Neb. 420, 513 N.W.2d 511 (1994).

The state district court explicitly decided that plaintiff, on the date of discharge, was not qualified to hold the position of correctional officer. The finding satisfies the first portion of the Nebraska test.

The second portion was also satisfied. The district court decision was undeniably on the merits of plaintiff's claim; and according to Nebraska law, the district court's decision was final, despite the pendency of the action in the Nebraska appellate courts. In *Peterson v. Nebraska Nat. Gas Co.,* 204 Neb. 136, 281 N.W.2d 525 (1979) a plaintiff attempted to use collateral estoppel to establish a gas company's liability for an explosion. In another case, the *Hammond* case, a different plaintiff had established the company's liability for that same explosion. Although the company perfected an appeal of the decision, the district court determined that the *Hammond* decision in the district court was final and applied the collateral estoppel doctrine to the company's detriment. The Nebraska Supreme Court affirmed, stating, "The judgment of the *Hammond* case was final for the purposes of collateral estoppel even though the defendant perfected an appeal to this court." *Id.* at 140, 281 N.W.2d 525, citing *Kometscher v. Wade,* 177 Neb. 299, 128 N.W.2d 781 (1964). Clearly, under Nebraska law the district court's decision in the present case constituted a final order for collateral estoppel purposes.

The third portion of the *How* test is also satisfied. Plaintiff was a party to the state district court action. It is enough for this test that plaintiff, the party against whom the issue preclusion will be applied, was a party in that action; all parties need not have been there involved.

The remaining portion of the test is whether there was an opportunity to fully and fairly litigate the issue in the state court action. Plaintiff alleges he was not given this opportunity because he could not raise an equal protection claim against the individual defendants in an appeal of the NEOC decision. This contention is wide of the mark; it fails to appreciate the narrow inquiry involved.

While plaintiff may have been unable to raise those claims in the state court proceeding, the sole matter which is involved in the present inquiry is whether he had the opportunity to litigate the issue of whether he was

qualified to hold the position of corrections officer. Clearly, plaintiff had the opportunity to litigate this issue. The district court's decision indicated that one of the elements of proving a prima facie case of discrimination was to demonstrate that he was qualified for the position. (Filing 33, ex. 1 at 7). It being an essential element of his claim, plaintiff certainly had the opportunity to produce evidence to satisfy it. The court determined that the evidence he presented was insufficient to satisfy that standard. The final portion of the *How* test was satisfied, insofar as the issue of plaintiff's qualifications is involved. This court is bound by the state court's determination that plaintiff was not qualified to hold the position of correctional officer. The remaining inquiry, then, is how this undisputed fact affects plaintiff's claims in this action.

## DISCRIMINATION CLAIMS

Plaintiff brings this action alleging one claim of employment discrimination under Title VII, one claim that the individual defendants [3] denied him equal protection of the law because of his race, and one claim that the individual defendants denied him equal protection of the law because of his disability. In this context the Eighth Circuit Court of Appeals has held that when a plaintiff asserts both a Title VII claim and a § 1983 claim based on a violation of equal protection, the analysis is the same under both claims. *Hicks v. St. Mary's Honor Center,* 970 F.2d 487, 490–91 (8th Cir.1992), *rev'd on other grounds,* — U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), *citing Richmond v. Board of Regents,* 957 F.2d 595, 598 (8th Cir.1992); *Briggs v. Anderson,* 796 F.2d 1009, 1021 (8th Cir.1986); *Craik v. Minnesota State University Bd.,* 731 F.2d 465, 468 n. 5 (8th Cir.1984).

As stated in *Richmond,*

To meet [his] burden of showing a prima facie case of discrimination under Title VII ... [or] section 1983 ... [plaintiff] must

show: that [he] belongs to a protected class; that [he] was qualified for the job from which [he] was discharged; that [he] was discharged; and that after [his] discharge, the employer sought people with [his] qualifications to fill the job.

*Richmond v. Board of Regents,* 957 F.2d at 598, citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) (establishing prima facie case for Title VII cases); *Patterson v. McLean Credit Union,* 491 U.S. 164, 186–87, 109 S.Ct. 2363, 2377–78, 105 L.Ed.2d 132 (1989) (applying same prima facie showing to cases brought under section 1983).[4]

Accepting the factual determination of the state court that plaintiff was not qualified to hold the position from which he was terminated, this court must hold that plaintiff cannot prevail in this action. To carry his burden of showing a prima facie case for any of his claims he must demonstrate that he was qualified for the job from which he was discharged. *Richmond* at 598. The state court held that he was not qualified, and this court must accord that holding full faith and credit. A moving party is entitled to judgment as a matter of law when the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex Corp. v. Catrett,* supra. Plaintiff has failed to show that a genuine issue of material facts exists regarding whether he was qualified to hold the position of correctional officer when he was discharged. Therefore, I shall grant defendants' motion for summary judgment.

**IT THEREFORE HEREBY IS ORDERED** that defendants' motion for summary judgment (filings 32) is granted.

---

3. Plaintiff raises this claim against each of the individual defendants except Harold Clarke.

4. The court in *Richmond* noted that "Although the Civil Rights Act of 1991 superseded a portion of *Patterson,* it did not affect the application of

the *McDonnell Douglas* prima facie showing to section 1981 cases." *Richmond v. Board of Regents,* 957 F.2d at 598 n. 1, citing *Stender v. Lucky Stores, Inc.,* 780 F.Supp. 1302, 1303 (N.D.Cal.1992).