45 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Glenn PAYNE, Appellant,
v.
STATE of Nebraska, Nebraska Department of Correctional
Services; Dean L. Naylor; Gary Burger; Laurie
Smith Camp, Individually, Appellees.
Harold W. Clarke, Defendant.
 No. 94-2328.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 16, 1994.
Filed: Dec. 23, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Glenn Payne appeals the district court's[1] grant of summary judgment in his action under Title VII, 42 U.S.C. Sec. 2000e-2, and 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 Payne, a black male, was terminated from his position as a corrections officer at the Nebraska Department of Correctional Services (DCS) on January 29, 1990. Payne filed this action in federal court, claiming that he was discharged on the basis of race in violation of Title VII, and that DCS officials violated his equal protection rights by intentionally discriminating against him on the basis of race and disability. The district court granted summary judgment to defendants, finding that Payne was collaterally estopped from relitigating the issues essential to his claims, because a Nebraska state district court had specifically decided the issues in a prior action. Payne v. Nebraska, 854 F. Supp. 608, 610-11 (D. Neb. 1993).
 
 
 3
 We review de novo the district court's grant of summary judgment. Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992). Federal courts must give the same preclusive effect to state court judgments that those judgments would be given in the courts of that state. See 28 U.S.C. Sec. 1738; Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982) (applying section 1738 to Title VII actions). Nebraska applies collateral estoppel, or issue preclusion, if (1) the identical issue was decided in a prior action; (2) there was a final judgment on the merits; (3) the party against whom the rule is applied was a party to a prior action; and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. How v. Mars, 513 N.W.2d 511, 516 (Neb. 1994).
 
 
 4
 The Nebraska state court decision, which affirmed the decision of the Nebraska Equal Opportunity Commission (NEOC), addressed Payne's race and disability discrimination claims brought under the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. Sec. 48-1104 (1993). While the NEOC decision, if unreviewed, would have no preclusive effect, see University of Tenn. v. Elliot, 478 U.S. 788, 796 (1986), the state court's affirmance of that decision can preclude later actions. See Kremer, 456 U.S. at 483-85. The Nebraska statute mirrors Title VII and requires proof of the same elements as Title VII. See City of Fort Calhoun v. Collins, 500 N.W.2d 822, 825 (Neb. 1993). As the state court found Payne was not qualified for a corrections officer position on the date of his discharge, Payne is collaterally estopped from relitigating that issue in either his Title VII or section 1983 action. See Texas Dep't of Community Affirm v. Burdine, 450 U.S. 248, 253 n.6 (1981); Richmond v. Board of Regents, 957 F.2d 595, 598 (8th Cir. 1992) (in employment discrimination context, elements of section 1983 equal protection claim are same as Title VII). Under Nebraska law, the state district court's judgment was final on the merits, even though Payne has appealed to the Nebraska Supreme Court. See Peterson v. Nebraska Natural Gas Co., 281 N.W.2d 525, 527-28 (Neb. 1979). Payne was a party to the state court action; privity of all parties is not required for collateral estoppel. See JED Constr. Co. v. Lilly, 305 N.W.2d 1, 3 (Neb. 1981). Finally, Payne had a full and fair opportunity to litigate, and in fact did fully litigate, the issue of his qualifications. Under the Nebraska Administrative Procedure Act, Neb. Rev. Stat. Secs. 84-901 to 84-920 (1987 & Supp. 1992), Payne had the opportunity, in the NEOC proceeding, to conduct discovery, subpoena and present witnesses and evidence, rebut testimony, and submit briefs; he also was entitled to seek de novo judicial review of the administrative decision. Cf. Kremer, 456 U.S. 479-85 (1982); Butler v. City of North Little Rock, 980 F.2d 501, 504-05 (8th Cir. 1992).
 
 
 5
 As to Payne's equal protection claim based on disability, because the state court specifically found that Payne was permanently disabled and that DCS had never permanently accommodated any similarly situated disabled corrections officers, Payne was collaterally estopped from relitigating that issue in federal court. See Cleburne v. City of Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985); Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir. 1991) (to state equal protection claim plaintiff must, at a minimum, show that the state failed to treat similarly situated persons alike), cert. denied, 112 S. Ct. 1995 (1992).
 
 
 6
 Because Payne is collaterally estopped from relitigating an essential element in each of his claims, he cannot raise an issue of material fact as to these elements and therefore summary judgment was proper.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)