TODD SCOTT, APPELLEE, V. PEPSI COLA COMPANY AND LUMBERMENS MUTUAL COMPANY, APPELLANTS.

541 N.W.2d 49

Filed December 29, 1995.   No. S-95-399.

Walter E. Zink II and Thomas B. Wood, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellants.

Steven H. Howard, of Law Offices of Ronald J. Palagi, P.C., for appellee.

CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Pepsi Cola Company and Lumbermens Mutual Company appeal from an award entered by the Workers' Compensation Court in favor of Todd Scott. The trial court was not persuaded that lack of notice was a defense in the case, and the court opined that Pepsi and Lumbermens were not prejudiced by the delay in the reporting of the injury. The review panel found that Scott had given proper notice under Neb. Rev. Stat. § 48–133 (Reissue 1993). Pepsi and Lumbermens appealed from the order of the review panel, and under the authority granted to us by Neb. Rev. Stat. § 24–1106(3) (Cum. Supp. 1994) to regulate the caseloads of the appellate courts of this state, we removed the appeal to this court.

## SCOPE OF REVIEW

The workers' compensation review panel may reverse or modify the findings, order, award, or judgment of the original hearing only on the grounds that the judge was clearly wrong on the evidence or the decision was contrary to law. Neb. Rev. Stat. § 48–179 (Reissue 1993); *Larson v. Hometown Communications, Inc.*, 248 Neb. 942, 540 N.W.2d 339 (1995).

A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not

support the order or award. Neb. Rev. Stat. § 48–185 (Reissue 1993); *Larson v. Hometown Communications, Inc., supra.*

Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.*

An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Hull v. Aetna Ins. Co.*, 247 Neb. 713, 529 N.W.2d 783 (1995).

### FACTS

Scott began working for Pepsi as a route driver in October or November 1990. His responsibilities included delivering Pepsi products to restaurants, grocery stores, and convenience stores. He used a truck to make the deliveries, and on an average day, he would make between 50 and 100 stops. At each stop, Scott exited the cab of the truck by stepping down 2 or $2^{1}/_{2}$ feet, usually onto a concrete surface.

Scott began to experience problems with his heels in July 1992. The problems gradually became more severe, and he first saw a doctor on April 2, 1993. At that time, Scott reported to his supervisor, Mike Thiem, that he was experiencing problems with his heels. Although Scott believed that the problems were related to his work at Pepsi, he did not specifically discuss with Thiem whether his problems were work related.

In August 1993, Scott informed Thiem that Scott would need surgery on his heels. Thiem stated that Scott should wait until January to have the surgery, because Thiem did not want to run a route. Scott subsequently had surgery on October 28 and December 9. Following the surgeries, Scott's heel problems began to improve; however, Scott testified that he was not back to the point where he was before the problems occurred. In Scott's current employment as a liquor store manager, there are certain physical tasks that he is unable to perform.

Following a hearing on September 12, 1994, a trial judge of the Workers' Compensation Court found that Scott had suffered a work–related injury and was entitled to benefits. The court found that on or about April 2, 1993, Scott was in the employ of Pepsi as a route driver and that

> while so employed and on said date and while engaged in

the duties of his employment he suffered injuries to both heels as a result of the cumulative effect of repetitive trauma to his heels which occurred when [Scott] repeatedly jumped down from his truck in the performance of his job duties.

As a part of their defense, Pepsi and Lumbermens alleged that Scott did not give notice as soon as practicable after the happening of his accident. The trial court noted that Scott did not attribute the heel complaints to his employment when reporting them to his supervisor, but found that there was no prejudice to Pepsi and Lumbermens in the delay of the reporting. The court also found that the lack of notice was not a defense in the case.

On appeal, the review panel held that the trial judge did, in essence, find that the notice contemplated by § 48–133 was provided in that Scott advised his supervisor that Scott needed to see a doctor due to his heel condition. The review panel found that the trial court's statement regarding prejudice was irrelevant and harmless. The review panel affirmed the award of the trial court, holding that the judgment of the trial court was based on findings of fact which were not clearly wrong and that there was no error of law. Pepsi and Lumbermens timely appealed.

## ASSIGNMENTS OF ERROR

Pepsi and Lumbermens assign as error that the trial court erred as a matter of law and was clearly wrong (1) in finding that Scott suffered an accident or injury on April 2, 1993, as a result of the cumulative effect of repetitive trauma to his heels arising out of and in the course of his employment; (2) in finding that there was sufficient expert medical evidence to establish that Scott's injuries were causally related to cumulative trauma; (3) in finding that the required notice of injury was given to Pepsi as soon as practicable after the happening; and (4) in finding that Scott's heel injuries were caused by repetitive trauma occasioned by the performance of his job duties.

## ANALYSIS

Pepsi and Lumbermens argue only one of their assignments of error. To be considered by an appellate court, a claimed

prejudicial error must not only be assigned, but must be discussed in the brief of the asserting party. *Brewer v. Brewer*, 244 Neb. 731, 509 N.W.2d 10 (1993). Errors assigned but not argued will not be addressed. *Records v. Christensen*, 246 Neb. 912, 524 N.W.2d 757 (1994). Therefore, we consider only the third assignment of error.

The issue is whether Scott provided notice of his injury in compliance with § 48–133:

> No proceedings for compensation for an injury under the Nebraska Workers' Compensation Act shall be maintained unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof . . . . The notice shall be in writing and shall state in ordinary language the time, place, and cause of the injury. . . . A notice given pursuant to this section shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, or cause of the injury, unless it is shown that it was the intention to mislead, and the employer, or the insurance company carrying such risk, as the case may be, was in fact misled thereby. Want of such written notice shall not be a bar to proceedings . . . if it be shown that the employer had notice or knowledge of the injury.

The trial court found that the accident occurred on April 2, 1993, in the course of Scott's employment with Pepsi, but that Scott did not attribute his heel problems to his employment when he reported them to his supervisor. Scott testified that it was necessary for him to receive permission from his supervisor to be off work on April 2 in order to go to the doctor and that he told his supervisor that he was going to the doctor because of problems he was experiencing with his heels. The supervisor wanted Scott to wait until January to have the surgery.

The review panel determined that the decision of the trial court with respect to a showing of prejudice was irrelevant and harmless. We agree. A lack of prejudice is not an exception to the requirement of notice under § 48–133.

Since the facts as to what Scott told his supervisor are not in dispute, whether such facts constituted notice to the employer pursuant to § 48–133 is a question of law. An appellate court is

obligated in workers' compensation cases to make its own determinations as to questions of law. *Hull v. Aetna Ins. Co.*, 247 Neb. 713, 529 N.W.2d 783 (1995). The review panel determined as a matter of law that notice contemplated by § 48–133 was provided when Scott told his supervisor that Scott needed to see a doctor regarding his heel problems.

The review panel concluded that Scott did not have to give an opinion as to the cause of the injury in order to give notice to his employer. We agree. "Want of such written notice shall not be a bar to proceedings . . . if it be shown that the employer had notice or knowledge of the injury." § 48–133. Knowledge of an employee's injury gained by the employee's foreman, supervisor, or superintendent in a representative capacity for an employer is knowledge imputed to the employer and notice to an employer sufficient for the notice requirement of § 48–133. *Thompson v. Monfort of Colorado*, 221 Neb. 83, 375 N.W.2d 601 (1985). Section 48–133 contemplates a situation where an employer has notice or knowledge sufficient to lead a reasonable person to conclude that an employee's injury is potentially compensable and that, therefore, the employer should investigate the matter further. *Thompson v. Monfort of Colorado, supra.*

The trial court found that Scott's accident occurred on April 2, 1993, when he first saw a doctor about his problem. Scott had to receive permission from his supervisor to be off work that day to go to the doctor. Scott told the supervisor he was going to the doctor because of problems he was having with his heels. The supervisor wanted Scott to wait until January to have the surgery. Pepsi processed Scott's bills with his group health insurance. These facts, when considered in the light most favorable to Scott, establish that Pepsi had sufficient knowledge of Scott's injury to lead a reasonable person to conclude that Scott's injury was potentially compensable and that Pepsi should further investigate the matter.

The findings of fact by the trial court support the award and the trial court's conclusion that the lack of notice was not a defense in this case. Pepsi and Lumbermens' assignment of error is without merit. The decision of the review panel, which affirmed the trial court's award, is affirmed. Scott is allowed an

attorney fee in this court in the amount of $1,827, which is to be taxed as costs against Pepsi and Lumbermens, and interest as provided by law.

AFFIRMED.

WHITE, C.J., participating on briefs.