JUSTIN WILLIAMSON, APPELLANT, V.
WERNER ENTERPRISES, INC., APPELLEE.

682 N.W.2d 723

Filed July 13, 2004.   No. A-03-987.

Paul M. Smith for appellant.

Ryan C. Holsten, of Atwood & Associates Law Firm, P.C., L.L.O., for appellee.

CARLSON, MOORE, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

In this workers' compensation case, Justin Williamson filed a claim for benefits against Werner Enterprises, Inc. (Werner), concerning a motor vehicle incident. A trial judge of the Workers' Compensation Court determined that Williamson failed to give the required notice of injury to Werner "as soon as practicable" after the occurrence and dismissed Williamson's amended petition. Williamson appealed, and the review panel affirmed. Williamson now appeals to this court. We conclude that the factual findings of the trial judge upon the disputed evidence were not clearly wrong and that those findings support the trial judge's determination. We therefore affirm.

## BACKGROUND

*Incident and Subsequent Treatment.*

Werner employed Williamson as an over-the-road truckdriver. While Williamson operated a truck on December 23, 2000, a car in front of him slowed suddenly. Williamson braked hard, causing the load in his truck to shift forward and slam against the front of the attached trailer. The load weighed approximately 44,000 pounds. Williamson took the truck to a dropyard, where a tow truck was summoned to readjust the load. Williamson testified that by the time he delivered the load, his back ached with pain unlike any he had previously experienced.

Williamson testified that he "was hurting" after the incident and that when he reported the accident, he told the supervisor in Werner's safety department that he had pain in his back.

However, in his deposition testimony, Williamson said that he had not reported any injury to Werner until May 2001. At the hearing before the trial judge, Williamson testified that he did not tell anyone from Werner before May 2001 that he had suffered an injury in the December 2000 accident. However, he also testified that he had told the safety department supervisor that he was in pain. The written accident report, dated December 24, 2000, fails to mention any personal injury. Williamson continued to drive for Werner until May 14, 2001.

Williamson saw his chiropractor on December 26, 2000. The medical record shows that the visit concerned the December 23 incident. Williamson did not submit the bill to Werner for payment; nor did he submit it under his own workers' compensation coverage. Williamson next visited a medical care provider on May 13, 2001.

At trial, Williamson testified that the pain in his back never went away. He testified that on a scale from 0 to 10, with 0 being no pain and 10 being severe pain that will not subside, he continuously experienced level-9 pain.

In his deposition, Williamson testified that he started seeing his chiropractor after the accident in December and that he saw the chiropractor once in January and once in March 2001.

*Trial Court's Order.*

The trial court entered an order of dismissal on February 4, 2003. The trial judge found that Werner employed Williamson on the date of the alleged accident, determined Williamson's average weekly wage, and found that Williamson's back injury was causally linked to the December 23, 2000, accident. However, the court found that Williamson failed to give Werner the required notice of his injury as soon as practicable after it occurred and dismissed the petition. Williamson timely filed an application for review, and the review panel affirmed. Williamson timely filed an appeal to this court.

## ASSIGNMENT OF ERROR

Williamson alleges that the court erred in interpreting and applying Neb. Rev. Stat. § 48-133 (Reissue 1998), the statute requiring that notice of injury be given as soon as practicable.

## STANDARD OF REVIEW

An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court did not support the order or award. *Morris v. Nebraska Health System*, 266 Neb. 285, 664 N.W.2d 436 (2003). Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.* An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Id.*

## ANALYSIS

The parties agree that an accident occurred on December 23, 2000. The trial judge of the workers' compensation court found that Werner employed Williamson on that date and that Williamson's injury arose out of and in the course of his employment. The sole issue here is whether Williamson provided notice of his injury in compliance with § 48-133. That statute provides:

> No proceedings for compensation for an injury under the Nebraska Workers' Compensation Act shall be maintained unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof . . . . The notice shall be in writing and shall state in ordinary language the time, place, and cause of the injury. . . . A notice given pursuant to this section shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, or cause of the injury, unless it is shown that it was the intention to mislead, and the employer, or the insurance company carrying such risk, as the case may be, was in fact misled thereby. Want of such written notice shall not be a bar to proceedings under the Nebraska Workers' Compensation Act, if it be shown that the employer had notice or knowledge of the injury.

The requirement that notice be given "as soon as practicable" has been a part of the workers' compensation statutes since their inception in 1913. See Rev. Stat. § 3674 (1913). In discussing the requirements of § 3674, the Nebraska Supreme Court stated in *Good v. City of Omaha*, 102 Neb. 654, 655-56, 168 N.W. 639 (1918):

> [T]he requirement of the statute is only what a person acting in good faith would be likely to do without a statute. One receiving an injury, for which he expects to hold another liable, would feel called upon, as soon as practicable after receiving the injury, to give the other notice of it, and would feel called upon, as soon as he knew the nature and extent of his injury, to make his demand for compensation. In courts of justice, the good faith of a claim is always more or less discredited by the fact that no immediate demand was made or that prosecution was long delayed. The employer is entitled to an early demand, so that he may know the nature and amount of the claim; may settle it, if possible, or, if not, may investigate the facts and preserve his evidence.

The substance of § 3674 later became Comp. Stat. § 3056 (1922) and then Comp. Stat. § 48-133 (1929).

From 1913 to 1977, § 48-133 and its predecessors contained two limitations: (1) the requirement that "notice" be given to the employer "as soon as practicable" and (2) the mandate that a "claim" be "made within six months after the occurrence" of the injury. The Legislature amended § 48-133 in 1977 to "eliminate the requirement for a claim but [to] still keep the notice requirement and [to] change the time in which to file a petition from one year to two years." Statement of Purpose, L.B. 144, Committee on Business and Labor, 85th Leg., 1st Sess. (Jan. 21, 1977). The legislative history shows that the Supreme Court's decision in *Raymond v. Buckridge, Inc.*, 195 Neb. 212, 237 N.W.2d 412 (1976), precipitated that amendment.

In *Raymond*, the employee scraped his ankle against a brake pedal when leaving his automobile in the employer's parking lot on May 3, 1972. The injury was complicated by the employee's diabetic condition and caused the employee to be hospitalized on June 28. His foot was amputated on July 3, but the employee did not make any claim against his employer for compensation

benefits until May 31, 1973. The employee argued that the period for making a claim should be extended during the time when he did not know that he might be entitled to compensation for an injury sustained in the employer's parking lot. The trial court found that the employer was aware on and after July 3, 1972, that the employee was making a claim for benefits against the group health and accident insurance coverage furnished by the employer to employees and that the employer knew or should have known that in the process of making such claim, the employee was asserting that the accidental injury occurred on the employer's premises. Upon appeal, the Nebraska Supreme Court held that the action could not be maintained because the employee failed to make a claim within 6 months from July 3, 1972. Thus, the *Raymond* decision turned upon the 6-month limitation for making a claim, which limitation the Legislature eliminated in 1977 while retaining the requirement that an employee give notice of an injury "as soon as practicable."

During testimony before the committee considering L.B. 144, Judge Ben Novicoff explained the requirement that notice be given "as soon as practicable":

> Now, for example, if somebody is injured out in Denver, Colorado and he goes into the hospital, obviously it may be difficult for him to give notice right away. So that is why it says as soon as practicable. As soon as he is able to, he is obligated to give that notice. . . .
>
>     . . . .
>     . . . It means that the employee who made [a] claim to be injured can't come in three years later and say "oh yeah, I had an accident three years ago, I forgot to tell you about it.["] He would be out. Or if he says that [after] any [period of] time which is not [prior to] a practicable time . . . and that could be a much shorter period. If the employer doesn't know about it. The whole intent is that the employer knows that that employee was injured so that [the employer] then can save his records, can do his investigation, he needs to do, the [employer's insurance] carrier can do it . . . in order to be able to properly handle the claim. That's the whole purpose of the notice. . . .
>
>     . . . .

[B]ut as long as we have the safeguard that notice must be given right away, then I think you eliminate a lot of problems that you're talking about and that is not being changed in the bill. I think that is the important thing.

Business and Labor Committee Hearing, L.B. 144, 85th Leg., 1st Sess. (Jan. 26, 1977).

The Nebraska Supreme Court stated in *Scott v. Pepsi Cola Co.*, 249 Neb. 60, 65, 541 N.W.2d 49, 53 (1995), that "[§] 48-133 [(Reissue 1993)] contemplates a situation where an employer has notice or knowledge sufficient to lead a reasonable person to conclude that an employee's injury is potentially compensable and that, therefore, the employer should investigate the matter further." The *Scott* court also stated that a lack of prejudice is not an exception to the requirement of notice under § 48-133. The purposes of the notice requirement are "[f]irst, to enable the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury." 7 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 126.01 (2003).

We were unable to find any cases in Nebraska where compensation was denied based upon a notice's not being given "as soon as practicable," but the courts of other states have denied compensation upon that ground. In *Maryland Casualty Co. v. Industrial Com.*, 33 Ariz. 490, 266 P. 11 (1928), the accident occurred on December 18, 1925, but was not reported until March 1926. The Arizona Supreme Court stated, "We are satisfied that a delay of three months is not 'forthwith.' The law provides that, if the report of the accident is not made 'forthwith,' no compensation is to be paid for the injury." *Id.* at 493, 266 P. at 12. The Kentucky Court of Appeals, in *Buckles v. Kroger Grocery & Baking Co.*, 280 Ky. 644, 134 S.W.2d 221 (1939), reasoned that it was apparent to the appellant that he suffered a compensable injury at the time of the accident on November 4, 1937, and certainly by November 10, when a doctor told him that he had a hernia. On November 10, the appellant was still working for the same employer and had had every opportunity to provide notice of the injury but failed to do so for 54 days. The court concluded

that notice had not been provided as soon as practicable after the employee knew of the injury. The court stated:

> [I]t is our view that that part of the statute requiring notice of an injury to be given as soon as practicable is as mandatory in its nature as it is in requiring notice at all, and if there is delay in giving notice, the burden is upon the injured person to show that it was not practicable to give notice sooner. While the rule of liberal construction will be applied to the workmen's compensation statutes, yet, liberal construction does not mean total disregard for the statute, or repeal of it under the guise of construction. And furthermore, it must not be forgotten that the very nature of appellant's injury was such that [the injury] needed immediate attention. Hernia is a progressive injury and will increase with time. Whether or not appellant's hernia was an old one or a fresh one sustained at the time he claims was indeed of much importance to appellee, since, if it was of the former class, appellee would not have been liable. And, if appellant had received immediate treatment, his disability, in all reasonable probability, might have been lessened if not entirely cured. Appellee was entitled to the benefit of an early opportunity to ascertain whether appellant sustained the hernia at the time claimed by him or whether it existed previous[ly] thereto, and also an opportunity to have him treated in an effort to cure, or, at the least, minimize the extent of his disability.

*Buckles*, 280 Ky. at 647-48, 134 S.W.2d at 223.

In *Kaufman-Straus Co. v. Bennett*, 275 Ky. 264, 121 S.W.2d 1 (1938), the same court stated that in order for an injured employee to be entitled to compensation, the employee must give the employer notice of any injuries received in an accident, and not merely notice of the accident, as soon as practicable. In that case, on February 10, 1936, the employee was on a ladder when it slipped and struck a workbench. His back began to hurt soon afterward, but the employee worked the rest of the day and continued working without loss of time until May 19, when he quit due to a misunderstanding with the boss. He had sought treatment from a chiropractor shortly after the accident, and he consulted a physician on April 4, since the trouble with his back had not

improved. The employee saw a couple of doctors on May 8 and told each about the ladder's slipping. However, the employee did not report the injury to his employer until July 1, and the court held that such notice was not given as soon as practicable. The court reasoned that the employee's back began to hurt a short time after the accident, that he was treated by three different doctors, and that he knew as much after his May 8 doctor visit as he did on July 1, when he finally made a complaint to the employer, seeking compensation.

In *Whittle v. General Mills*, 252 S.W.2d 55 (Ky. 1952), the employee injured his back in February 1949, made no report of the accident at the time it occurred, and continued doing the same type of work for the next 3 weeks without complaint to his employer. He was examined by a doctor on February 26 and advised that he was suffering from a herniated disk. Approximately 2 months later, the employee complained of pain in his back and was assigned to lighter duties. Some 5 months after the accident, the employee first notified the employer of the injury. The employee claimed that he was a man of modest education and was unaware of the technicalities of making a claim or giving notice under the workers' compensation act. Nonetheless, the Kentucky Court of Appeals concluded that notice was not given as soon as practicable after the injury.

In *Findley v. Flanigan*, 84 Idaho 473, 373 P.2d 551 (1962), the employee was injured on December 2, 1960, and experienced a feeling of sprain in his back. He did not work the next few days, then saw a physician, who hospitalized him until December 28. The employee's notice of injury and claim for compensation was dated February 25, 1961. The court found that notice was given 85 days after the accident and that there was no evidence showing any reason for the delay or why it was impracticable to give notice with 60 days of the accident.

In the case at hand, Williamson testified inconsistently regarding whether he reported an injury on the date of the accident. The trial judge's decision noted that Williamson was adamant at the hearing that he reported his injury to Werner's safety department supervisor. Williamson testified in his deposition, however, that he did not know he was injured until the first part of January and that he did not report the pain to Werner

because he thought it would go away. However, records show that Williamson sought chiropractic treatment on December 26, 2000, in response to the December 23 incident, and he stated in his deposition that he saw a chiropractor in January and March 2001. Williamson testified at trial that ever since the accident, he experienced level-nine pain on a continuous basis. Further, he testified in his deposition that he did not talk to anyone at Werner about his back pain until May 2001. Williamson did not submit any chiropractic bills to Werner for payment or request leave from work to see a doctor. The trial judge found that Williamson did not report any injury to Werner on or about December 23, 2000, and that the first notice of injury supported by credible evidence was in May 2001.

■ Resolving the conflicting testimony, the trial court determined that Williamson's report of load shifting omitted any mention of injury. The mere report of load shifting, without any mention of injury, failed to put Werner on notice of the injury at the time of the accident. Section 48-133 (Reissue 1998) requires notice of the *injury*, not merely notice of the accident. The record provides sufficient support for the trial judge's factual finding that Williamson failed to report the injury before May 2001. We cannot conclude that such finding was clearly wrong.

The next question is, given the factual determinations that the accident occurred on December 23, 2000, and that the injury was reported in May 2001, whether the notice of injury was given "as soon as practicable." The Nebraska Supreme Court has not determined whether such question constitutes a question of law or fact. We note that upon consideration of a similar issue, the Supreme Court of Wyoming stated, "The finder of fact is charged with determining the time and cause of a compensable injury; however, whether an employee's claim is to be barred for failure to timely file notice or a claim is a mixed question of fact and law." *Rice v. Workers' Safety and Comp. Div.*, 19 P.3d 508, 513 (Wyo. 2001). In *Scott v. Pepsi Cola Co.*, 249 Neb. 60, 541 N.W.2d 49 (1995), the Nebraska Supreme Court determined that where the facts concerning reporting were not disputed, whether such facts constituted notice to the employer pursuant to § 48-133 (Reissue 1993) was a question of law. There, however, the question was whether the undisputed facts

constituted notice. Here, the question is whether the trial court's findings upon disputed facts fulfill the statutory requirement. If the question constitutes an issue of fact, we must accept the trial court's determination unless we determine that it is clearly wrong. However, if the question presents an issue of law, we must make an independent determination.

The Nebraska Supreme Court considered an analogous question in *Cobbey v. Buchanan*, 48 Neb. 391, 67 N.W. 176 (1896), where the court determined that the meaning of the term "necessaries" cannot be fixed by a general rule applicable to all cases and that the question of the term's meaning is a mixed one of law and fact to be determined in each case from the particular facts and circumstances of the case. Here, the trial court reached its determination after weighing credibility and determining which version of the facts to accept. Just as the meaning of "necessaries" depends upon the particular facts and circumstances, so does the meaning of "as soon as practicable." The trial court's determination of practicability upon disputed facts was not clearly wrong.

If we view the disputed facts in the light most favorable to Werner, the appellee, the question whether notice was given "as soon as practicable" becomes a question of law upon which we must make a determination independent of that of the trial court. When so viewed, we independently determine, the facts show that Williamson failed to report the injury as soon as practicable. In so determining, we recall that the Legislature enacted the Nebraska Workers' Compensation Act to relieve injured workers from the adverse economic effects caused by a work-related injury or occupational disease. *Jackson v. Morris Communications Corp.*, 265 Neb. 423, 657 N.W.2d 634 (2003). In light of this beneficent purpose, we must give the act a liberal construction. See *id.*

"Practicable" generally means capable of being done, effected, or put into practice with the available means, i.e., feasible. Webster's Encyclopedic Unabridged Dictionary of the English Language 1127 (1989). It has also been described as meaning possible or feasible, able to be done, or capable of being put into practice. *Id.* During the floor debate on L.B. 144, Senator Ralph Kelly inquired whether the bill defined the word "practical," and Senator Bill Brennan answered, "No, Senator, but I don't think it would be necessary because that wording has been in the law

since workman's comp[ensation] was instigated." Floor Debate, L.B. 144, Committee on Business and Labor, 85th Leg., 1st Sess. (Feb. 15, 1977). A motion to bracket the bill until "practical" was defined failed. Senator Brennan later stated, "As soon as practical means just what it says. A person can't report an accident until he has knowledge of the seriousness of the accident." *Id.* In another context, the Nebraska Supreme Court considered the meaning of "practicable." It determined that the presence of a number of proposed plans for legislative district redistricting leaving Madison County as a single district made following that county's boundaries " 'practicable.' " *Day v. Nelson,* 240 Neb. 997, 1001, 485 N.W.2d 583, 586 (1992).

Viewed in the light most favorable to Werner, the facts show that Williamson experienced an unusual event. He promptly perceived substantial pain that he connected with the event. Within days, he sought chiropractic treatment. The chiropractic record shows that Williamson attributed the pain to the event. Even if we assume that a liberal construction requires allowance of some time between that perception and the first instance of reporting, the period from December to May exceeds the outer limit of any reasonable delay. Williamson presented no evidence showing that it was not "practicable" to give notice to Werner soon after he sought chiropractic treatment for severe pain that he attributed to the incident. We conclude that it was practicable to report the injury within a reasonable time after Williamson sought chiropractic treatment for the perceived pain which he related to the load-shifting incident and that Williamson failed to do so. The trial court correctly determined that Williamson failed to give notice as soon as practicable.

## CONCLUSION

The findings of fact by the trial court support the court's conclusion that Williamson did not give the notice required by § 48-133 (Reissue 1998) "as soon as practicable," and the review panel's affirmance of the trial court's judgment must be affirmed.

AFFIRMED.

CARLSON, Judge, dissenting.

I respectfully dissent from the majority's determination that the trial court was correct in its conclusion that Williamson

should be denied benefits in that he did not give notice as required by § 48-133. A review of the entire record dictates a conclusion that Williamson gave Werner notice "as soon as practicable."

In its order denying Williamson benefits, the trial court made a finding that Williamson's "back injuries and complaints [were] causally linked to the December 23, 2000, accident." The court also found that "the first notice of injury supported by any credible evidence occurred in May 2001." It is clear from the record, and I do not disagree with the majority's finding, that Williamson gave Werner actual notice of his injury in May 2001, approximately 4-plus months after the December 23, 2000, accident and injury.

The relevant statute in this case, § 48-133, requires, "No proceedings for compensation for an injury under the Nebraska Workers' Compensation Act shall be maintained unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof." I note that prior to its present language, § 48-133 included a provision that required not only a reporting "as soon as practicable" but also that "the claim for compensation with respect to such injury shall have been made within six months after the occurrence." § 48-133 (1943). In 1977, this 6-month provision was removed, leaving the statement first included in 1917 that "all disputed claims for compensation or benefits shall be first submitted" to the Nebraska Workers' Compensation Court. See § 48-133 (Reissue 1978).

As the majority notes, the law was changed after the Nebraska Supreme Court's decision in *Raymond v. Buckridge, Inc.*, 195 Neb. 212, 237 N.W.2d 412 (1976). Therein, the Supreme Court found that the employee's claim for benefits was barred given that although he had given his employer proper notice, he had neither filed a claim within 6 months of his accident nor filed a petition for benefits within 1 year of the accident. The Legislature then changed § 48-133 by adopting L.B. 144, deleting the requirement that employees file a claim within 6 months and extending the time in which employees have to file a petition from 1 year to 2 years. These changes give us an insight into the ongoing liberal interpretation of all aspects of the workers' compensation law.

More recently, in *Jackson v. Morris Communications Corp.*, 265 Neb. 423, 431, 657 N.W.2d 634, 640 (2003), the Nebraska Supreme Court stated:

> We have recognized that the Legislature enacted the Nebraska Workers' Compensation Act to relieve injured workers from the adverse economic effects caused by a work-related injury or occupational disease. . . . In light of this beneficent purpose of the act, we have consistently given the act a liberal construction to " ' "carry out justly the spirit of the Nebraska Workers' Compensation Act." ' "

In the instant case, Williamson testified that he did not tell Werner about his injury immediately after the accident because he thought that his pain would go away. Williamson also testified that he continued to work for Werner for several months after the accident, but in May 2001, the pain in his back and additional radiating leg pain got to the point where his grandmother talked him into going to the doctor.

Specifically, Williamson testified as follows in response to his attorney's questions:

Q [W]here was your pain located?
A Center of my back.
Q Anywhere else?
A No.
Q Would it occasionally shoot down your legs?
A Well, when I get back spasms at night and [pains] shoot down my legs, radiate down my legs, and any way —
Q What kind of pain is it in your back? Is it ach[ing], sore, or is it stabbing, sharp?
A It's a sharp pain.
Q Now, in between December of 2000 and May of 2001, were some days better than others?
A Yes.
Q Was the pain always there?
A Yes.
Q Did you feel that it was gradually getting worse?
A Yes.

After Williamson's visit to the doctor in May 2001, when physical therapy but not surgery was recommended, tests in July revealed that Williamson had a "[b]road-based disk bulge at

T11-12" and that this large central disk herniation required surgery. As noted above, Williamson had given Werner notice of his accident and injury in May.

In Nebraska workers' compensation cases where the substantial character of the injury was known at the time of the worker's accident, the Nebraska Supreme Court has uniformly upheld the literal terms of the limitations contained in § 48-133. *Surratt v. Otoe Food Products Co.*, 146 Neb. 854, 21 N.W.2d 862 (1946), citing *Lind v. Nebraska National Guard*, 144 Neb. 122, 12 N.W.2d 652 (1944); *Price v. Burlington Refrigerator Express Co.*, 131 Neb. 657, 269 N.W. 425 (1936); *Dunlap v. City of Omaha*, 131 Neb. 632, 269 N.W. 422 (1936); *Park v. School District*, 127 Neb. 767, 257 N.W. 219 (1934); *Welton v. Swift & Co.*, 125 Neb. 455, 250 N.W. 661 (1933); and *Kurtz v. Sunderland Bros. Co.*, 124 Neb. 776, 248 N.W. 84 (1933).

However, the Supreme Court has also held that where it was found that the true character of the injuries was not known at the time of the accident and that the injuries were progressive, the limitations set out in § 48-133 did not literally apply. *Surratt, supra*, citing *Montgomery v. Milldale Farm & Live Stock Improvement Co.*, 124 Neb. 347, 246 N.W. 734 (1933); *Flesch v. Phillips Petroleum Co.*, 124 Neb. 1, 244 N.W. 925 (1932); *Astuto v. V. Ray Gould Co.*, 123 Neb. 138, 242 N.W. 375 (1932); *Travelers Ins. Co. v. Ohler*, 119 Neb. 121, 227 N.W. 449 (1929); *City of Hastings v. Saunders*, 114 Neb. 475, 208 N.W. 122 (1926); *McGuire v. Phelan-Shirley Co.*, 111 Neb. 609, 197 N.W. 615 (1924); and *Selders v. Cornhusker Oil Co.*, 111 Neb. 300, 196 N.W. 316 (1923).

Additionally, we note that when asked about the term "as soon as practical [sic]," Senator Brennan, proposer of L.B. 144, stated, "As soon as practical [sic] means just what it says. A person can't report an accident until he has knowledge of the seriousness of the accident." Floor Debate, L.B. 144, 85th Leg., 1st Sess. (Jan. 10, 1977).

Under the above law, it is difficult to deny Williamson benefits that were admittedly caused by a work-related accident but were not reported until Williamson's pain became such that he could not work and doctors specifically diagnosed Williamson with a thoracic disk herniation requiring surgery. On this record,

the evidence shows that Williamson was not aware of the true character or the seriousness of his injuries until May or even July 2001. I believe that awarding Williamson benefits would comport with the true spirit of the Nebraska Workers' Compensation Act.

Therefore, I would reverse the affirmance of the review panel, directing it to reverse the trial court's order of dismissal and remand the cause with directions to the court to determine the benefits Williamson is entitled to under the law.