IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ALI V. JBS DISTRIBUTION

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MOHAMMED ALI, APPELLANT,

V.

JBS DISTRIBUTION, L.L.C., AND AMERICAN ZURICH INSURANCE COMPANY,
ITS WORKERS' COMPENSATION CARRIER, APPELLEES.

Filed August 16, 2016.    No. A-15-1046.

Appeal from the Workers' Compensation Court, THOMAS E. STINE, Judge. Affirmed.

Mohammed Ali, pro se.

Charles L. Kuper, of Larson, Kuper, Wenninghoff & Carney, P.C., L.L.O, for appellee.

MOORE, Chief Judge, and IRWIN and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Mohammed Ali appeals from an order of the Workers' Compensation Court dismissing with prejudice his claim for workers' compensation benefits. On appeal, Ali argues that the compensation court erred in finding that he failed to timely notify his employer, JBS Distribution, L.L.C. (JBS), of his injuries and that his claimed injuries were not causally related to his work accident. We find no merit to Ali's arguments on appeal, and we affirm.

## II. BACKGROUND

On August 10, 2011, Ali slipped and fell on fat remnants while working as a meat processor for JBS. At issue before the compensation court was the nature and extent of injuries Ali suffered in the fall. Immediately following Ali's fall, Ali was treated on-site by JBS' nurse. The nurse's

- 1 -

report indicates that Ali hit his right hand, right forearm, and left middle finger, resulting in abrasions and cuts. Ali's cuts were cleaned and wrapped and he was given Tylenol.

The Report of Employee Incident form dated August 10, 2011, indicates that Ali's primary language was "Arabic/Ormro [sic]" and that he needed an interpreter. Ali testified that the coworker who summoned the nurse also served as his interpreter that day.

On February 3, 2012, Ali completed a second Report of Employee Incident form. The second report stated that on August 10, 2011, when Ali slipped and fell, he injured his back. Ali also reported that his "whole body hurts." The form did not explain why the February 3, 2012, report listed different injuries than the August 10, 2011, report.

Ali filed a petition for workers' compensation benefits on April 24, 2013, and later filed an amended petition containing more detailed factual allegations. Ali sought compensation for injuries to his low back, legs, left shoulder, right hand, and body as a whole due to the August 10, 2011, fall. In its answer to Ali's amended petition, JBS affirmatively alleged that Ali failed to give timely and sufficient notice of his alleged injuries. JBS also claimed that Ali's injuries were due to the natural progression of a preexisting condition, a personal or idiopathic cause, and/or a subsequent intervening cause, rather than the work accident.

The compensation court held a trial on Ali's petition for workers' compensation benefits on September 21, 2015. Ali was the only witness to testify at the trial. Ali testified that on August 10, 2011, he fell at work and hurt his left shoulder, neck, low back, right hand, and whole body. According to Ali, a fellow employee saw him fall and took him to the nurse. This employee was the one who served as the interpreter for Ali's visit with the nurse.

Following the trial, the compensation court ruled on Ali's petition for workers' compensation benefits. The compensation court determined that Ali had failed to prove he suffered any injuries as a result of the work accident on August 10, 2011. The court also found that Ali had failed to provide JBS with timely notice of his injuries. The compensation court noted that Ali had reported only minor scrapes to his hand on the day of the accident and did not mention back, shoulder, or full body pain until six months later. Accordingly, the compensation court dismissed Ali's petition for workers' compensation benefits with prejudice.

Ali appeals the order of the compensation court. Additional facts will be discussed as necessary in our analysis below.

## III. ASSIGNMENTS OF ERROR

Restated, Ali assigns as error (1) the compensation court's finding that he failed to timely notify JBS of his injuries and (2) the compensation court's determination that Ali did not suffer injuries to his back, shoulder, and whole body on August 10, 2011, while in the course of his employment with JBS.

## IV. STANDARD OF REVIEW

Under Neb. Rev. Stat. § 48-185 (Cum. Supp. 2014), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the

order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Manchester v. Drivers Mgmt.*, 278 Neb. 776, 775 N.W.2d 179 (2009).

Where the underlying facts are undisputed, or if disputed, the factual finding of the trial court was not clearly erroneous, the question of whether Neb. Rev. Stat. § 48-133 (Reissue 2010) bars the claim due to untimely notice is a question of law upon which the appellate court must make a determination independent of that of the trial court. *Unger v. Olsen's Ag. Lab.*, 19 Neb. App. 459, 809 N.W.2d 813 (2012).

## V. ANALYSIS

### 1. NOTICE

Ali first assigns as error the compensation court's finding that he failed to provide timely notice of his injuries to JBS. Ali argues that JBS failed to provide him with an interpreter who spoke Ali's native language, Oromo, on the day of the fall. Ali asserts that JBS provided an Arabic-speaking interpreter, but that Ali only knows "bits and pieces" of Arabic. Brief for appellant at 7. Ali claims he was unable to make an accurate report of his injuries due to the language barrier. Ali argues that the compensation court "made an error when it failed to take note of the fact that [JBS] failed to provide [Ali] with an interpreter." Brief for appellant at 11. Because Ali failed to raise this issue below and did not present any evidence in support of his claim, we find his argument on appeal to be without merit.

Under Neb. Rev. Stat. § 48-133, a claimant cannot maintain an action for compensation unless he or she has given the employer written notice of the injury as soon as practicable. *Risor v. Nebraska Boiler*, 277 Neb. 679, 765 N.W.2d 170 (2009). Want of such written notice shall not be a bar to proceedings under the Nebraska Workers' Compensation Act, if it be shown that the employer had notice or knowledge of the injury. *Id.*

For the first time on appeal, Ali argues that he was unable to provide notice of his back, shoulder, and full body injuries to JBS because he did not have an adequate interpreter. In the absence of plain error, where a specific issue is raised for the first time on appeal, such issue will ordinarily not be determined. *Hewson v. Stevenson*, 225 Neb. 254, 404 N.W.2d 35 (1987). Ali argues that the compensation court erred "when it failed to take note of the fact that [JBS] failed to provide [Ali] with an interpreter." Brief for appellant at 11. However, the burden was on Ali to raise this issue at the trial, not on the compensation court to find error when Ali asserted none.

Furthermore, it is for the first time on appeal that Ali makes numerous factual assertions to support his claim, including that JBS provided him with an Arabic interpreter on August 10, 2011, but that he speaks Oromo. However, the evidence before the compensation court revealed only that Ali had been afforded an interpreter of an unspecified language on the day of the accident. The record does not reveal what language the interpreter spoke or whether there was a language issue between Ali and his interpreter. An appellate brief generally may not expand the evidentiary record and should limit itself to arguments supported by the record. *Wagner v. Union Pacific RR. Co.*, 11 Neb. App. 1, 642 N.W.2d 821 (2002). We are without adequate evidence in the record before us to conclude that Ali was unable to timely report his injuries to JBS due to JBS providing an inadequate interpreter.

Additionally, even if we were to accept Ali's argument that he was unable to accurately report his injuries on the day of the accident, Ali still fails to explain the ensuing six month delay

before he finally informed JBS of the full extent of his injuries. Importantly, § 48-133 requires the worker to report the injury "as soon as practicable after the happening thereof." We have defined "practicable" to mean "capable of being done, effected, or put into practice with the available means, i.e., feasible." *Williamson v. Werner Enters.*, 12 Neb. App. 642, 652, 682 N.W.2d 723, 731 (2004).

Ali has failed to present any evidence that he was unable to report the true extent of his injuries between the first accident report on August 10, 2011, and the second report Ali filled out on February 2, 2012. Without any supporting evidence, we cannot conclude that Ali's six month delay in notifying JBS of his back and shoulder injuries constitutes notice "as soon as practicable" after the injury. See, *Williamson, supra* (finding delay of five months in reporting injury sustained at work did not constitute notice as soon as practicable because the employee failed to present evidence that it was not feasible for him to have reported the injury sooner). Ali's first assignment of error is without merit.

## 2. CAUSATION

Ali's second assignment of error is that the compensation court erred in "rejecting expert medical evidence showing that [Ali] suffered injuries on August 10, 2011, while at work for [JBS]." Brief for appellant at 5. It does not appear to us that Ali separately argues this assignment of error, as his brief does not contain a separate heading or section relating to this assigned error. At the end of Ali's argument on notice, there is a bulleted paragraph in which Ali argues that the compensation court should have credited Ali's own reports of shoulder, back, and whole body pain that he made to three of his doctors. Ali states that he "was able to tell these doctors of the exact nature of his injuries because he was given proper qualified interpreters to communicate with the doctors." Brief for appellant at 11. To the extent this paragraph is intended to serve as the argument relating to Ali's second assignment of error, it is without merit.

Ali did not seek medical treatment for his back or shoulder for nearly six months following his fall. In February 2012, Ali first saw Dr. William J. Lawton at the Grand Island Clinic for back pain. Dr. Lawton excused Ali from work temporarily and ordered an MRI. The MRI revealed moderate "[d]iscogenic and facet degenerative changes." Dr. Lawton referred Ali to the Nebraska Spine Center for treatment.

Ali saw Dr. Michael C. Longley at the Nebraska Spine Center starting in April 2012. Ali informed Longley that he fell at work on August 10, 2011, and experienced back and left shoulder pain as a result. Dr. Longley diagnosed Ali with mild lumbar disc degeneration. Dr. Longley noted that Ali displayed "substantial functional overlay" and did not display "any structural changes cons[istent] with a traumatic event." Dr. Longley released Ali back to work with no restrictions. Ali also saw a physical therapist at the Nebraska Spine Center from July 2012 to October 2012. Ali reported that he received minimal pain relief from his participation in physical therapy.

In May 2012, Ali saw Dr. Nicholas B. Bruggeman at Nebraska Orthopaedic Associates for his left shoulder pain. Dr. Bruggeman diagnosed Ali with left shoulder AC separation with resultant arthritis. Dr. Bruggeman performed a left shoulder arthroscopy on Ali in November 2012. In January 2013, Dr. Bruggeman responded to a letter from Ali's attorney and indicated that, in his medical opinion, Ali's shoulder problem stemmed from his work accident on August 10, 2011. However, in a followup report in August 2014, Dr. Bruggeman recanted his previous statement

regarding causation. In the follow-up report, Dr. Bruggeman indicated he had reviewed additional medical information and now concluded that Ali's shoulder injury "would be considered a non work-related problem."

In January 2014, Ali underwent an independent medical examination at JBS' request with Dr. James P. Devney. After interviewing Ali and reviewing his medical records, Dr. Devney concluded that Ali's back injury was not causally related to his fall at work on August 10, 2011. In support of this conclusion, Dr. Devney stated that "there is no objective pathologic finding other than longstanding and preexisting degenerative disc disease and facet joint osteoarthritis." Dr. Devney similarly concluded that Ali's left shoulder injury was "long standing" and not related to the work accident. Dr. Devney also concurred with Dr. Longley that Ali could return to work with no restrictions.

Ali appears to argue that his own statements to his doctors should be taken as proof that his injuries were work-related. However, two of these doctors, Dr. Longley and Dr. Bruggeman, ultimately determined that Ali's injuries were *not* work-related, even after hearing Ali's claims that he hurt his back and shoulder in the fall. The compensation court similarly determined that Ali's testimony that he injured his back and shoulder in the fall was not credible. As the trier of fact, the single judge of the Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Swanson v. Park Place Automotive*, 267 Neb. 133, 672 N.W.2d 405 (2003).

To the extent that Ali challenges the compensation court's decision to credit certain medical opinions over others, his argument is without merit. In its well-reasoned order, the compensation court thoroughly explained its decision to credit Drs. Devney and Longley's opinions that Ali did not suffer back or shoulder injuries in the work accident. Specifically, the compensation court explained that Drs. Devney and Longley issued comprehensive, in-depth opinions explaining that Ali's injuries were the result of preexisting conditions. Furthermore, the compensation court took into consideration and discredited three medical reports which Ali claimed supported a finding that his injuries were work-related. The court concluded that the reports to which Ali cited were less credible than Drs. Devney and Longley's reports because one of the cited reports was no more than a recitation of Ali's self-reported medical history, another was recanted in a later statement, and a third was not a persuasive medical report on causation. When the record in a workers' compensation case presents conflicting medical testimony, an appellate court will not substitute its judgment for that of the compensation court. *Lowe v. Drivers Mgmt., Inc.*, 274 Neb. 732, 743 N.W.2d 82 (2007). Ali's second assignment of error is without merit.

## VI. CONCLUSION

The compensation court did not abuse its discretion in finding that Ali failed to provide timely notice to JBS regarding his injuries and that Ali's claimed injuries were not causally related to his work accident. Accordingly, we affirm the compensation court's order dismissing Ali's petition for workers' compensation benefits with prejudice.

AFFIRMED.